United States District Court
Southern District of Texas
**ENTERED**
March 06, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL SIMPSON, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-836 |
| | § | |
| NINE ENERGY SERVICES, L.L.C, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Daniel Simpson and David Tyson sued Nine Energy Services, LLC, alleging that the company improperly failed to pay them overtime in violation of the federal Fair Labor Standards Act. (Docket Entry No. 10). The FLSA's statute of limitations is two years unless the company's violation was "willful." In that case, the statute of limitations is three years. 29 U.S.C. § 255(a).

The statute of limitations is also subject to equitable tolling under certain circumstances. Simpson and Tyson resigned from their jobs at Nine in August and December 2013, respectively. They did not file this lawsuit until March 2016. The lawsuit is time-barred unless the violation was willful or equitable tolling applies.

Nine moved for summary judgment, arguing that the plaintiffs' evidence did not create a genuine factual dispute material to deciding whether the company willfully violated the FLSA or whether the plaintiffs were entitled to equitable tolling, and that the lawsuit is time-barred. (Docket Entry No. 21). The plaintiffs responded, and the defendants replied. (Docket Entries No. 22, 23). Based on the briefs, the record, and the applicable law, the defendants' motion for summary judgment is granted. The reasons are explained in detail below.

## I. The Legal Standards

### A. The Summary Judgment Standard

"Summary judgment is required when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting FED. R. CIV. P. 56(a)). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* (quotation marks omitted); *see also Celotex*, 477 U.S. at 325. Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United*

*States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).

"Once the moving party [meets its initial burden], the nonmoving party must 'go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Nola Spice*, 783 F.3d at 536 (quoting *LHC Grp.*, 773 F.3d at 694). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary-judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008); *see also Nola Spice*, 783 F.3d at 536.

### B. The FLSA's Statute of Limitations

A two-year statute of limitations applies to FLSA misclassification and unpaid overtime compensation claims, but if an employer's statutory violation was willful, a three-year statute of limitations applies. 29 U.S.C. § 255(a); *Singer v. City of Waco*, 324 F.3d 813, 821 (5th Cir. 2003). An FLSA violation is willful if the employer "knew or showed reckless disregard for . . . whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). An employer's unreasonableness or even negligence is not enough to show reckless disregard. *Id.* 134-35. The plaintiff bears the burden of showing willfulness. *Karr v. City of Beaumont*, 950 F. Supp. 1317, 1325 (E.D. Tex.1997). Complaints by employees can, in certain

circumstances, show that a company knew or recklessly disregarded its obligations under the FLSA. But the mere fact that an employee stated an opinion that he or she was entitled to more pay, without more, is not enough to show willfulness. *Ikossi-Anastasiou v. Bd. of Supervisors of Louisiana State Univ.*, 579 F.3d 546, 553 (5th Cir. 2009).

### C.     Equitable Tolling

Equitable tolling applies only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 927, 930 (5th Cir. 2000). The most common basis for tolling is that "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Teemac v. Henderson* 298 F.3d 452, 454 (5th Cir. 2000), quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). But employer misconduct does not justify equitable tolling if a plaintiff actually knew his or her FLSA rights. *Clark*, 854 F.2d at 767-68. The party seeking to toll limitations has the "burden of proving the need for tolling[.]" *Teemac,* 298 F.3d at 454.

An employer's failure to post required FLSA notices in the workplace can, in rare circumstances, justify equitable tolling. *Rosales v. Heb Grocery Co.*, LP, No. CV H-14-3187, 2016 WL 3458214, at *3 (S.D. Tex. June 24, 2016). The critical inquiry is still whether the plaintiff knew his or her rights. An employee who complains to the employer about the failure to pay overtime is not entitled to equitable tolling, because the employee knew the substance and nature of the injury. *Id.*; *see also Escobedo v. Dynasty Insulation, Inc.*, 694 F. Supp. 2d 638, 653–54 (W.D. Tex. 2010).

## II.     The Summary Judgment Evidence

The plaintiffs were employed as wireline operators. Simpson worked out of Nine's Midland, Texas office and Tyson, a Senior Operator, worked out of Nine's Washington, Pennsylvania office.

(Docket Entries No. 21-5, 21-6, Exs. 5 and 6; 22-1, 22-2, Exs. 1 and 2). Simpson worked for Nine from July 2011 until August 2013, and Tyson worked for Nine from August 2013 to February 2014. (Docket Entry N. 22-1, 22-2, Exs. 1 and 2).

Nine presents several pieces of evidence in support of its motion for summary judgment. First, it points to the affidavit of Matt Burk, Nine's "Director of Operational Excellence." (Docket Entry No. 21-1, Ex. 1). Burk stated that, in February 2014, the federal Department of Labor's Wage and Hour division audited the company's payroll and personnel records for a variety of jobs, including lead operators and operators. At the audit's conclusion, a DOL representative informed Burk that the agency found no violations and that Nine had properly classified its wireline operators as exempt from overtime. *Id.*

Nine also points to the affidavits of Brandi Dodson and Libby Burris, who oversaw administrative and office management issues at the Midland and Washington offices, respectively. (Docket Entries No. 21-5, 21-6; Exs. 5 and 6). Both affiants stated that they were personally responsible for posting FLSA notices in their respective offices, that they posted these notices, and that the plaintiffs frequented the rooms in which the notices were posted. (*Id.*). The defendants also attach photographs of the current placement of FLSA notices in the offices in issue and attest that the notices were in the same places during the plaintiffs' employment.

Both plaintiffs presented near-identical affidavits stating that, while they cannot recall the exact time or place, they knew they both complained that they should receive overtime. They also knew that other coworkers had made similar complaints. (Docket Entries No. 22-1, 22-2; Exs. 1 and 2). The plaintiffs also stated that, during the time they worked for Nine and were at the two offices, they did not see any FLSA notices, and that if the notices had been present, the plaintiffs would have

known it because they were in the habit of reading all of the notices posted. (*Id.*).

### III. Analysis

The plaintiffs have not met their burden of raising a dispute of material fact as to whether Nine willfully violated the FLSA or as to whether they are entitled to equitable tolling.

#### A. The plaintiffs have not shown a genuine dispute of fact on willfulness.

The plaintiffs have the burden of proof on willfulness. They have not put forward evidence or legal argument to show that there is a genuine and material factual dispute as to whether there was an underlying FLSA violation. An employer cannot willfully violate a statute without violating the statute in the first place. The plaintiffs have not made a showing that they were entitled to overtime pay. Of course, at summary judgment, they did not need to prove their entitlement to overtime, but it was their burden to at least show that there is a genuine factual dispute on the point. (The only summary judgment evidence that touches on the existence of an FLSA violation is the defendants' evidence that, after a DOL audit, the agency told Nine that its pay practices complied with the FLSA and that Nine properly classified wireline operators as exempt.) The plaintiffs' failure to raise a genuine factual dispute on the existence of an FLSA violation is an independent reason to find that the plaintiffs cannot benefit from the extended three-year statute of limitations.

Second, even assuming there was a genuine factual dispute material to whether the plaintiffs were misclassified as exempt, they have not met their burden to show that the violation was willful. The plaintiffs testified that they and unspecified coworkers, at unspecified times, made unspecified complaints to unspecified persons about the company's failure to pay them overtime. The fact that the plaintiffs told someone at the company that they believed that they were entitled to overtime does not suffice. As in *Ikossi-Anastasiou*, these vague claims do not create a genuine and material

6

factual dispute as to whether Nine knew or recklessly disregarded the possibility that its pay practices violated the FLSA. *Ikossi-Anastasiou*, 579 F.3d at 553.

**B.     The plaintiffs have not shown a genuine dispute of fact on equitable tolling.**

The plaintiffs also have the burden to show equitable tolling, which is only available in extraordinary circumstances, most often where a defendant's wrongful conduct prevents an employee from timely asserting his rights. While in some circumstances an employer's failure to post FLSA notices can justify equitable tolling, the plaintiffs in this case were, by their own account, aware of the facts and substance of their overtime claims, as evidenced by their claimed contemporaneous complaints about their entitlement to overtime pay. Even assuming that the defendants did not post the required FLSA notices, the plaintiffs are not entitled to equitable tolling on their FLSA claims. *Rosales*, 2016 WL 3458214, at *3; *Escobedo*, 694 F. Supp. 2d at 653–54.

**IV.     Conclusion**

For the reasons stated, Nine's motion for summary judgment, (Docket Entry No. 21), is granted. The plaintiffs' claims are time-barred. Final judgment in Nine's favor will be entered by separate order.

SIGNED on March 6, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge